UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOSHE GREENFELD and ZIPORA GREENFELD, | |
| Plaintiff, | Case No. 1:16-cv-01573 |
| v. | Judge John Robert Blakey |
| MEGABUS USA, LLC and ALBERT JACKSON, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Moshe Greenfeld and Zipora Greenfeld (collectively "Plaintiffs") claim that on December 30, 2014, while traveling down Interstate 90 in Indiana, their car was struck by a bus leased by Megabus USA, LLC ("Megabus") and operated by former Megabus employee Albert Jackson ("Jackson") (collectively "Defendants"). [46] at 1-2. Plaintiffs further allege that they received permanent physical injuries from this accident. *Id.* at 4.

The parties dispute which state's law governs this diversity action: Illinois (which does not cap punitive damages) or Indiana (which has a punitive damages cap).[1] For the following reasons, Defendants' Motion For Application of Indiana Law [38] is granted.

---

[1] The parties also dispute whether Indiana and Illinois law differ regarding the collateral source rule and the assignment of comparative fault. The Court declines to address these disputes now, in light of its determination that Plaintiffs have failed to overcome the presumption that Indiana law governs this action, discussed *infra*.

I.   Background

The facts relevant to this choice-of-law analysis are largely undisputed. The accident took place in Indiana, the alleged injuries were sustained in Indiana, and the conduct precipitating Plaintiffs' injuries took place in Indiana. [46] at 3.

Jackson is a resident of Illinois, Plaintiffs are citizens of Canada, and Megabus had, at the time of the accident, its principal place of business in Illinois.[2] [38] at 12-13.

II.   Analysis

Federal courts sitting in diversity apply the choice-of-law rules of the forum state in which they sit. *See, e.g.*, *Dobbs v. DePuy Orthopedics, Inc.*, 842 F.3d 1045, 1048 (7th Cir. 2016); *see also Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496-97 (1941). This Court will accordingly apply Illinois choice-of-law principles.

A.   The Most Significant Relationship Test

Illinois uses the most significant relationship test from the Restatement (Second) of Conflict of Laws to resolve choice-of-law issues. *See Suzik v. Sea-Land Corp.*, 89 F.3d 345, 348 (7th Cir. 1996). Under the Restatement, the Court considers the following factors in personal injury cases: the place where the injury occurred; the place where the conduct causing the injury occurred; the domicile,

---

[2] Megabus contends that its principal place of business is no longer in Illinois, as the company recently announced plans to eliminate "its Chicago hub and move[] its operations to Ohio and Wisconsin." [47] at 8. For the purposes of this Court's analysis, however, the relevant consideration is Megabus's location at the time of the accident. *See In re Air Crash Disaster Near Chicago, Illinois on May 25, 1979*, 644 F.2d 594, 617 (7th Cir. 1981) (The "probability of corporate moves after misconduct is a major policy reason why the principal place of business at the time of the crash not at the time of trial must be used. If the 'time of trial' rule were to prevail, defendants in 'punitive' states could always easily escape such damages by moving their corporate headquarters to a 'non-punitive' state.").

residence, nationality, place of incorporation and place of business of the parties; and the place where the relationship, if any, between the parties is centered. *See* Restatement (Second) of Conflict of Laws § 145 (1971).

Ultimately, "a *strong* presumption exists that the law of the place of injury" governs personal injury actions. *See Townsend v. Sears, Roebuck & Co.*, 879 N.E.2d 893, 905 (Ill. 2007) (emphasis in original). This presumption "may be overcome only by showing a *more* or *greater* significant relationship to another state." *Id.* at 903 (emphasis in original); *see also Spinozzi v. ITT Sheraton Corp.,* 174 F.3d 842, 844 (7th Cir. 1999) (In "the absence of unusual circumstances, the highest scorer on the 'most significant relationship' test" is "the place where the tort occurred."); Restatement (Second) of Conflict of Laws § 145 cmt. e (1971) ("When the injury occurred in a single, clearly ascertainable state and when the conduct which caused the injury also occurred there, that state will usually be the state of the applicable law with respect to most issues involving the tort.").

### B. Indiana Law Governs This Action

Plaintiffs implicitly concede that they were injured in Indiana, and that the allegedly tortious conduct took place in Indiana. *See supra* at 1. Plaintiffs nevertheless suggest that this Court should apply Illinois law to this case, pursuant to two cases from this district: *Smith v. I-Flow Corp.*, 753 F. Supp. 2d 744 (N.D. Ill. 2010) and *Curtis v. TransCor Am., LLC*, No. 10-cv-4570, 2012 WL 1080116 (N.D. Ill. Mar. 29, 2012). Neither case, however, is availing here.

3

*Smith* actually reiterates that under Illinois law, the "two most significant contacts in a tort case are the place where the injury occurred and the place where the conduct causing the injury occurred." *Smith*, 753 F. Supp. 2d at 747-48. The court in *Smith* was forced to look beyond these traditional factors, however, since the "injury in [that] case occurred in Michigan," but the "conduct that caused the injury" took place in California. *Id.* at 748. Only after identifying this discrepancy did *Smith* turn to California's particular interest in imposing its law regarding punitive damages and thereby "regulating the conduct of its resident corporations." *Id.* at 749.

*Curtis* featured a similarly complex factual context. 2012 WL 1080116, at *1. The plaintiff in *Curtis* initiated a wrongful death action after his father, a federal prisoner, died of heatstroke while being transported from Kansas to Indiana. *Id.* The location of plaintiff's injury "was at least somewhat fortuitous, which lessens the weight the court places on the site of the injury as a factor in determining which state's punitive damages law to apply," and the conduct causing the injury arguably occurred in at least three different states. *Id.* at *6-7. These unique circumstances compelled the court to look beyond the traditionally dispositive factors. *Id.*

The instant case is considerably simpler than *Curtis* or *Smith*: Plaintiffs' injury occurred in Indiana, and the conduct causing their injury took place in Indiana. As *Smith* acknowledges, the Court's task is straightforward when these factors point in the same direction. *See Smith*, 753 F. Supp. 2d at 747-48 (noting that where "both of the most significant contacts pointed, at least partly, toward the

place of injury," there was "no persuasive argument to rebut the presumption in favor of applying that state's law"). Ultimately, there are no "unusual circumstances" here that justify a deviation from the "*strong*" presumption that the location of the injury and the location of the conduct causing the injury are controlling. *Townsend*, 879 N.E.2d at 905 (emphasis in original).

## III. Conclusion

For the foregoing reasons, Defendants' motion for application of Indiana law is granted.

Dated: March 1, 2017

Entered:

_____
John Robert Blakey
United States District Judge